IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR30 |
| v. | MEMORANDUM AND ORDER |
| KEVIN MITCHELL, | |
| Defendant. | |

This matter is before the Court on defendant Kevin Mitchell's ("Mitchell") pro se Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 56) and Motion for Judicial Notice (Filing No. 57). For the reasons below, both motions are denied.

I.   BACKGROUND

On June 29, 2018, Mitchell pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951. He admitted to robbing a Walgreens in Omaha, Nebraska, while armed with a machete.

In calculating Mitchell's advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range at sentencing, the Court—over Mitchell's objection—determined Mitchell was a career offender and applied an eight-level enhancement under U.S.S.G. § 4B1.1(b)(3). Relying on Eighth Circuit precedent, the Court found Mitchell's Hobbs Act robbery conviction and two predicate state-law robbery convictions were all crimes of violence. *See Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019) (concluding Hobbs Act robbery is a crime of violence under analogous statutes); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (similar); *United States v. Hicks*, 374 F. App'x 673, 673-74 (8th Cir. 2010) (unpublished per curiam) (concluding attempted robbery under Neb. Rev.

Stat. § 28-324 is a crime of violence under § 4B1.1) (citing *United States v. Sawyer*, 588 F.3d 548, 555-56 (8th Cir. 2009)).

With an advisory Guidelines range of 151 to 188 months (level 29, category VI), the Court sentenced Mitchell to 151 months imprisonment, followed by three years of supervised release. The Court explained that, even if its determination that Mitchell was a career offender was wrong, it would have imposed the same sentence based on the sentencing factors in 18 U.S.C. § 3553(a).

Mitchell appealed, arguing the Court erred in determining he was a career offender under § 4B1.1. *See United States v. Mitchell*, 795 F. App'x 480, 481 (8th Cir. 2020) (unpublished per curiam). The Eighth Circuit affirmed the Court's judgment. *Id.* The Eighth Circuit found any error in the Court's career-offender determination was harmless because the Court made clear it "would have given Mitchell the same sentence regardless of the career-offender enhancement." *Id.*

Mitchell now challenges his sentence under § 2255.

## II. DISCUSSION
### A. Motion to Vacate

Section 2255(a), in pertinent part, permits a federal prisoner like Mitchell to move the Court to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." A § 2255 motion is not intended to serve as "a second direct appeal." *Meeks v. United States*, 742 F.3d 841, 844 (8th Cir. 2014); *see also English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993) ("In the absence of an intervening change in the law, or newly discovered evidence, we will not reconsider any claim that was resolved on direct appeal in a section 2255 habeas proceeding.").

Mitchell argues his sentence violates the Sixth Amendment to the United States Constitution because his trial counsel was ineffective at sentencing. To prove his

ineffective-assistance claim, Mitchell must show his "trial counsel's representation 'fell below an objective standard of reasonableness' and that the deficient representation prejudiced the defense." *United States v. Lee*, 715 F.3d 215, 221 (8th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). He does neither.

Mitchell's claim for relief boils down to his contention that his counsel did not sufficiently challenge the career-offender enhancement under § 4B1.1. In Mitchell's view, his counsel was ineffective for failing to object to the Court's application of that enhancement. But Mitchell's counsel did object to the enhancement and capably challenged it both at sentencing and on appeal. Contrary to Mitchell's argument, counsel does not cease to function "as the 'counsel' guaranteed . . . by the Sixth Amendment" simply by failing to persuade the Court to adopt the defendant's interpretation of a complicated Guideline provision. *Strickland*, 466 U.S. at 687. Mitchell's counsel's performance was not deficient.

Mitchell also cannot show prejudice. As the Eighth Circuit pointed out on appeal, the Court carefully examined the § 3553(a) sentencing factors in determining Mitchell's sentence and stated it would impose the same 151-month sentence regardless of whether its application of the career-offender provision was wrong. Given that conclusion, Mitchell cannot "show that there is a reasonable probability that . . . the result of the proceeding would have been different" even if his counsel made the errors Mitchell alleges. *Strickland*, 466 U.S. at 694. In other words, any error Mitchell's counsel made with respect to the career-offender Guideline ultimately did not impact his sentence. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### B. Motion for Judicial Notice

In his second motion, Mitchell briefly asks the Court to take judicial notice of the Supreme Court's recent decision in *Borden v. United States*, 593 U.S. ___, ___, 141 S. Ct. 1817, 1825 (2021) (plurality opinion). In *Borden*, the Supreme Court determined that a

predicate offense for aggravated assault that required only a *mens rea* of recklessness did not constitute a "violent felony" under the "elements clause" of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B). *Id.* at ___, 141 S. Ct. at 1825 (plurality opinion); *id.* at ___, 141 S. Ct. at 1834 (Thomas, J., concurring in the judgment).

Mitchell summarily argues his state-law robbery convictions do "not qualify for career offender enhancement" because, in his view, they "can be committed recklessly." He is mistaken. Mitchell's state-law robbery convictions required a specific intent to steal by force and violence or by fear. *See* Neb. Rev. Stat. § 28-324(1). The statute of conviction says nothing about recklessness. And, as noted above, the Eighth Circuit has decided that robbery under § 28-324(1) is a crime of violence under the Guidelines. *See Hicks*, 374 F. App'x at 673. Mitchell does not explain—and the Court does not see—how the narrow decision in *Borden* calls that conclusion into question in these circumstances. *See United States v. Parker*, 3 F.4th 178 n.16 (5th Cir. 2021) (concluding the *Borden* decision did not affect the determination that armed robbery under Louisiana law was a "serious violent felony" because it was a specific-intent crime).

### C. No Certificate of Appealability

Mitchell cannot appeal the denial of his § 2255 motion without first obtaining a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To do that, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Mitchell has not made that showing, the Court will not issue a certificate of appealability in this case.

Based on the foregoing,

IT IS ORDERED:
1. Defendant Kevin Mitchell's pro se Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 56) and related Motion for Judicial Notice (Filing No. 57) are denied
2. No certificate of appealability will issue.

3. A separate judgment will be entered.

4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the Judgment to Kevin Mitchell at his address of record.

Dated this 18th day of August 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge